## HARRIS v. SCHER.

(Supreme Court, Appellate Term. May 7, 1909.)

DAMAGES (§ 130*)—INADEQUATE DAMAGES—EVIDENCE.

Where, in an action for personal injuries, the evidence shows without contest that plaintiff lost $204 in earnings and spent $100 in doctor's bill, and was in bed for 7 weeks, a judgment for $300 is clearly inadequate, as plaintiff was entitled to some compensation for pain and suffering.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 130.*]

Appeal from City Court of New York, Trial Term.

Action by Mennie Harris against Barney Scher. From an order setting aside a verdict on motion of plaintiff as being inadequate, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Frank V. Johnson (Harry S. Austin, of counsel), for appellant.
Louis Steckler, for respondent.

PER CURIAM. The action was for personal injuries. No defense was offered. The plaintiff secured a verdict for $300, which the defendants do not contest, but which, upon plaintiff's motion, was set aside as inadequate.

The plaintiff furnished a bill of particulars, from which it appeared that he had been earning $12 a week, and lost this sum for a period of 17 weeks, during which he was unable to work; also that he paid about $80 for doctor's fees and $20 to $25 for medicines; and these sums, $204 loss of earnings, and approximately $100 for medical expenses were proved on the trial. There was no attempt to question the doctor's charges. It also appeared that plaintiff was actually unable to work for the period mentioned and was actually confined to his bed for 7 weeks.

Under these circumstances the verdict was clearly inadequate, and also "inconsistent with any fair deduction from the evidence." If entitled to recover at all, he was entitled to some compensation for his pain and suffering. This the jury failed to consider or award, confining themselves to giving him only the loss of earnings and doctor's fees.

The order setting aside such a verdict was right, and should be affirmed, with costs.